IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

EMETERIO H. SIMON,
AND DIANA C. SIMON,

      Plaintiffs,

v.                                                      Civil Action: 2:14cv523

PNC BANK, NATIONAL ASSOCIATION,
AND FEDERAL HOME LOAN MORTGAGE
CORPORATION,

      Defendants.

## *MEMORANDUM OPINION AND ORDER*

Before the Court is PNC Bank, National Association ("PNC"), and Federal Home Loan Corporation ("FMAC") (collectively "Defendants")'s Motion to Dismiss Counts One and Two of Plaintiffs' Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 5. Emeterio H. and Diana C. Simon ("Plaintiffs") filed the Complaint for alleged breach of contract based on: (1) Breach of Paragraph 6(c) of the Note and Paragraph 22 of the Deed of Trust; and (2) Breach of "Applicable Law" Provision of the Deed of Trust. ECF No. 1. The motion has been fully briefed and is ripe for judicial determination. For the reasons stated herein, the Motion to Dismiss is **GRANTED-IN-PART AND DENIED-IN-PART.**

## I. FACTUAL AND PROCEDURAL HISTORY[1]

On December 11, 2006, Plaintiffs entered into a mortgage loan ("Loan") with National City Mortgage, a division of National City Bank ("National City") encumbering property known as 2112 Southcross Drive, Virginia Beach, VA 23464 ("Property"). Compl. ¶ 1, 7. The Loan

---

[1] Plaintiffs allege these facts in the Complaint, and they are taken as true for purposes of the Motion to Dismiss.

1

was evidenced by a note ("Note") and secured by a deed of trust ("Deed"). Upon default, Paragraph 6(c) of the Note provided in pertinent part:

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

*Id.* ¶ 8. Paragraph 22 of the Deed provided in pertinent part:

> **Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . .**
>
> . . . .
>
> **The notice shall specify (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date of notice is given to the Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.**
>
> **The notice shall ... inform Borrower . . . . of the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.**

*Id.* ¶ 9.

National City assigned the Note to PNC as holder of the Note and new servicer of the Loan. On April 13, 2011, PNC entered into a Consent Order ("Order") with the U.S. Department of Treasury, Comptroller of the Currency ("OCC"). *Id.* ¶ 68. In pertinent part, the Order provided:

> Within sixty days (60) days of this Order [PNC] shall submit to the Deputy Comptroller and the Examiner-in-Charge an acceptable plan, along with a timeline for ensuring effective coordination of communication with borrowers, both oral and written, relating to

2

> Loss Mitigation or loan modification and foreclosure activities:
>
> .....
>
>> ....
>> ... The plan shall include, at a minimum:
>>
>>> ....
>>> (g) procedures and controls to ensure that a final decision regarding a borrower's loan modification request (whether as a trial or permanent basis) is made and communicated to the borrower in writing, including the reason(s) why the borrower did not qualify for the trial or permanent modification (including the net present value calculations utilized by the Bank, if applicable) by the single point of contact within a reasonable period of time before any foreclosure sale occurs;

*Id.*, Exhibit H to Compl. The Order also barred any private cause of action by anyone not party to the agreement. *Id.* In June 2012, Plaintiffs defaulted on the Note, and PNC mailed the Notice of Default ("Notice") to Plaintiffs dated July 23, 2012. Compl. ¶ 12. The Notice required Plaintiffs to pay $3,534.15 by August 22, 2012 to avoid acceleration of the Note and foreclosure. *Id.* ¶ 13. The amount required included the upcoming August 1, 2012 payment. *Id.* Plaintiffs failed to cure the default.

On May 29, 2013, PNC sold the Property at a foreclosure sale through its substitute trustee, Samuel I. White ("White") for $253,623 which was less than the alleged fair market value of $292,100. *Id.* ¶ 28. PNC later assigned its rights to FMAC. On June 25, 2013, PNC and White executed a Trustee's Deed conveying ownership to FMAC. *Id.* ¶ 39. On July 9, 2013, FMAC filed an unlawful detainer summons in General District Court of Virginia Beach ("GDC"). *Id.* ¶ 44. The GDC entered an order awarding the Property to FMAC on August 29, 2013. *Id.* ¶ 45-46. Plaintiffs perfected an appeal to the Virginia Beach Circuit Court ("Circuit Court). *Id.* FMAC filed a motion for summary judgment, and the Circuit Court awarded FMAC possession on March 7, 2014. *Id.* ¶ 50. Plaintiffs appealed to the Supreme Court of Virginia but later withdrew because of an inability to pay the appeal bond. *Id.* ¶ 52.

On August 27, 2014, White requested a Writ of Possessions from the Virginia Beach Circuit Court. *Id.* ¶ 53.

On September 2, 2014, Plaintiffs filed the Complaint against Defendants in Virginia Beach Circuit Court. ECF No. 1. Count One alleges Defendants breached the notice requirements of the Note and the Deed by overstating the amount in arrears. Compl. ¶ 14. Plaintiffs allege the failure to comply with the notice requirements was a material breach of the Note and Deed, and PNC had no right to foreclose on the Property. *Id.* at ¶ 23, 24. Therefore, Plaintiffs allege the subsequent sale of the Property at the foreclosure auction for $253,623 was void or voidable. *Id.* at ¶ 31, 32. Plaintiffs further allege negative reports made to credit agencies about the foreclosure damaged their credit rating and economic status. *Id.* at ¶ 42, 43.

Count Two alleges Defendants breached the "Applicable Law" Provision of the Deed by failing to comply with the notice requirement of the Order. Plaintiffs allege the Order was "applicable law" under the Deed and prevented Defendants from foreclosing on a borrower who had a loan modification application pending. *Id.* at 67, 69. Plaintiffs allege Defendants failed to render a written decision on their loan modification application prior to the May 29, 2013 foreclosure auction. *Id.* at ¶ 73, 74. Therefore, Plaintiffs allege the foreclosure on the Property constituted a material breach of the "applicable law" provision of the Deed. The Complaint seeks to rescind the May 29, 2013 foreclosure, enjoin Plaintiff's eviction from the Property, and recover compensatory damages of $150,000. Compl. ¶ 78. On October 10, 2014, Defendants filed a Notice of Removal to this Court.[2] ECF No. 1.

---

[2] FMAC is a United States corporation chartered by an Act of Congress, 12 U.S.C. § 1451. 12 U.S.C. § 1452(f) provides that FMAC "shall be deemed to be an agency included in §§ 1345 and 1442 of Title 28."
§ 1452(f) also provides that any civil action in a state court to which FMAC is a party may, at any time before trial, be removed to the United States District Court embracing the place where action is pending.

4

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contains "a short and plain statement of the claim showing the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) allows dismissal of actions that fail to state a claim upon which relief can be granted. A motion to dismiss should be granted if the complaint does not allege "enough facts to state a claim of relief that is plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "factual plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court takes all factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Court "need not accept the legal conclusions drawn from the facts." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). The complaint does not need to show a likelihood of success at trial; instead, the complaint needs only to allege each element of a viable legal theory. *Twombly*, 550 U.S. at 562.

Generally, the Court does not contemplate extrinsic material when evaluating a complaint under a motion to dismiss. The Court may consider documents incorporated into the complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court may also consider any documents attached to the motion to dismiss if those documents are essential to the plaintiff's claim or are "sufficiently referred to in the complaint" as long as there is no challenge of their authenticity. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396-97 (4th Cir. 2006).

## III. ANALYSIS

### A. Breach of Paragraph 6(c) of the Note and Paragraph 22 of the Deed

Count One alleges that Defendants failed to comply with the Notice requirements of the Note and Deed thereby giving rise to a breach of contract claim. Under Virginia law, a breach of contract claim must allege facts of: (1) a legally enforceable obligation of a defendant to the plaintiff; (2) defendant's violation or breach of that obligation; and (3) resulting injury or harm to the plaintiff. *Filak v. George*, 267 S.E. 2d 610, 614 (Va. 2004). The notice requirements of the Note and Deed created a legally enforceable obligation by Defendants. According to paragraph 15 of the Deed:

> Any notice to Borrower consistent with this Security Instrument shall be deemed to have been given to borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise.

Deed of Trust, Exhibit A. Plaintiffs attached to the Complaint the allegedly defective Notice, which was dated July 23, 2012 and mailed to Diana C. Simon. Although they do not remember receiving the Notice, Plaintiffs concede Defendants complied with requirements to send it. Compl. ¶ 18. However, Plaintiffs challenge its validity.

Plaintiffs allege the Notice did not comply with the requirements because it overstated the amount due by including the past due payments as well the next month's payment not yet due. Paragraph 6(c) of the Note uses the language "overdue amount," and paragraph 22 of the Deed requires the notice to "specifiy the default . . . .". First, Plaintiffs allege that including the next month's payment inflated the amount due and failed to adhere to the strict language of the Note and Deed. Second, Plaintiffs allege that they would have cured the default if the Notice correctly stated the overdue amount.

6

Some federal courts completely reject Plaintiffs' first argument. For instance, in *Matanic v. Wells Fargo, N.A.*, the Court stated that "requiring submission of the next regular monthly payment in order to cure default does not breach the agreement between the parties." 2012 U.S. Dist. LEXIS 134154 at *12 (E.D. Va. September 18, 2012). The Court further stated that the clause requiring the next month's payment was "only a reminder to the borrower that paying the amount required to cure the default does not relieve him of paying the regularly scheduled payment due before the cure period ends." *Id.* at *13. Consequently, the Court held that the inclusion of the next month's payment did not violate the terms of the Note or Deed of Trust. *Id.* In *Whala v. PNC Bank, N.A.*, the Court followed *Matanic* and held again that the requirement to make regularly scheduled payments in order to cure the default did not violate the terms of the Note or Deed of Trust. No. 1:14-cv-894 (E.D. Va. September 30, 2014). *See also Townsend v. Fed. Nat'l Morg. Ass'n*, 923 F. Supp. 2d 828, 834 (W.D. Va. 2013) (holding that "the acceleration letter's requirement that Plaintiffs make their regularly scheduled payment in order to cure their default did not violate the terms of the Note or the Deed of Trust"). More importantly, the Court dismissed those claims relating to breach of notice requirements.

Other federal courts have found sufficient facts to allow claims to move forward based on Plaintiff's second argument. For instance, in *Vazzana v. CitiMorgtgage Inc.*, the Court denied a motion to dismiss because the plaintiff pled she had not received a proper thirty (30) day cure notice, and if she had, she would have brought the loan current. 2013 U.S. Dist. LEXIS 78541 (W.D. Va. June 4, 2013). The Court ruled she had pled sufficient facts because: (1) she was contractually entitled to notice of amount in arrears; (2) she alleged the notice overstated the amount in arrears and she would have paid the correct amount; and (3) she was harmed by the alleged breach through foreclosure. *Id. See also Harris v. USA*, Civil Action No. 4:14-cv-56

7

(E.D. Va. Oct. 16, 2014) (denying motion to dismiss because Plaintiff pled she would have made the correct amount to avoid acceleration and foreclosure).

The Court here distinguishes the complaints in *Matanic* and *Whala* from the Complaint. Unlike the Notice in the Complaint, the *Matanic* notice correctly specified the overdue amount and did not explicitly add the next month's payment to that amount even though it was due by the end of the cure period. Consequently, the *Matanic* notice did not contain an inflated amount due. Also, the *Whala* borrowers did not plead that they would have cured the default if they had received a correct amount for arrearages. Plaintiffs here specifically pled that they would have been able to bring the loan current within 30 days of the Notice with the correct overdue amount. As a result, the Complaint is factually analogous to those cases in which the court has found sufficient pleadings to overcome a motion to dismiss.

Plaintiffs here have alleged a breach of contract by the Defendants for failure to comply with the notice requirements of the Note and Deed. Plaintiffs have alleged sufficient facts for a plausible claim for breach. First, Plaintiffs entered into a mortgage loan with National City for the Property on December 11, 2006 that was later assigned to Defendants. Both paragraph 6(c) of the Note and paragraph 22 of the Deed of Trust entitled Plaintiffs to notice of default thereby creating a legally enforceable obligation of Defendants. Second, Plaintiffs allege the Notice violated the above obligation by overstating the amount overdue. Plaintiffs allege they would have cured the default if the Notice correctly stated the overdue amount. As stated above, varying case law establishes that Plaintiffs' allegation that they would have corrected the default if the overdue amount was correctly stated is sufficient evidence of a violation or breach by the defendants. Finally, Plaintiffs allege PNC foreclosed the Property and sold it at an auction on May 29, 2013 for $253,623 which was less than the alleged fair market value. Plaintiffs further

allege damage to their credit rating because of the alleged foreclosure. Plaintiffs' allegations of foreclosure and other losses such as equity, credit rating, and litigation expenses are sufficient to demonstrate harm caused by the alleged breach. Therefore, Defendants' Motion to Dismiss Count One is **DENIED**.

### B. Breach of "Applicable Law" Provision of Deed of Trust

Count Two of the Complaint alleges Defendants breached the "Applicable Law" Provision of the Deed. Specifically, Plaintiffs allege: (1) Applicable Law includes the Order; (2) the Order prevents foreclosure without written notice; (3) and the purported foreclosure and trustee's deed were void or voidable. The Deed defines "Applicable Law" as "all controlling applicable federal, state, and local statutes, regulations, ordinances, and administration rules and orders (that have effect of Law) as well as all applicable final, non-judicial opinions." Compl. ¶ 67. Plaintiffs allege the Order, which granted no private cause of action, was a federal administrative order that should be "Applicable Law" to the Deed. *Id.* at ¶ 71.

Virginia law construes a deed of trust as a contract and examines the words within the four corners of the document. *Mathews v. PHH Mortg. Corp.*, 724 S.E.2d 196, 201 (Va. 2012). The Court construes the deed "as written, without adding terms that were not included by the parties." *Id.* "Most courts construe applicable law clauses within the deed of trust very narrowly." *Condel v. Bank of America, N.A.*, No. 3:12-cv-212, 2012 U.S. Dist. LEXIS 93206 at *22 (E.D. Va. 2012) (internal quotations omitted). In *Condel*, the Court held that "applicable law" refers to "then-existing body of law that applies directly to the contract in question, or to which the parties are otherwise subject in the performance of their contractual duties and obligations." *Id.* at *23. The Deed of Trust does not incorporate laws or regulations issued after the parties execute it. *Id.* The Court concluded by stating: "because the plain meaning of the

9

controlling applicable law provision of the Deed of Trust does not reveal an intent by the parties to be bound by future laws, this Court will not infer one." *Id.* at *25 (internal quotations omitted). *See also Townsend v. Fed. Nat'l Morg. Ass'n*, 923 F. Supp. 2d 828, 834 (W.D. Va. 2013) (holding that there was no mention of the Fair Debt Collection Practices Act in the Deed of Trust and a violation of the Act could not support a claim for breach of that agreement).

Notwithstanding the holding in *Condel*, Plaintiffs contend that the "applicable law" provision should be construed as "applicable law" at the time of foreclosure. Plaintiffs allege no facts in support of this proposition. Instead, they contend that they are entitled to the contract provisions of the Deed because those provisions required compliance with pre-conditions in the Order. Compl. ¶ 69. In *Squire v. Va. Hous. Dev. Auth.*, the Court held a lender liable for damages for foreclosure after failure to comply with FHA regulations even though there is no private cause of action for breaching those regulations. 758 S.E.2d 55 (Va. 2014). *See also Mathews v. PHH Mortg. Corp.*, 724 S.E.2d 196, 201 (Va. 2012) (holding that language in a FHA deed of trust incorporated the face-to-face requirements of FHA regulations even though there is no private right of action under the regulations themselves). However, those regulations were in place when the deed of trust was entered unlike the Order here that was entered after the Deed's execution. Further, the Court previously ruled that plaintiffs cannot compel defendants to perform obligations not expressed in the Deed of Trust or Note. *See De Vera v. Bank of Am., N.A.*, 2012 WL 2400627, at *8 (holding that an implied covenant of good faith and fair dealing does not apply to a deed of trust that creates valid and binding rights and does not compel a party to adhere to requirements of the implied covenant not expressly included in the deed of trust).

By alleging the Order is "applicable law," Plaintiffs assert the Order prevents PNC from foreclosing on any borrower/homeowner while a loan modification application is pending unless

PNC provides a statement of denial of such application and grounds for such denial within a reasonable time prior to foreclosure. Compl. ¶ 72. Plaintiffs allege they submitted a loan modification application on May 13, 2013 and received no written response prior to the May 29, 2013 foreclosure sale. Compl. ¶ 73, 74. Plaintiffs now allege this purported foreclosure is void or voidable. However, Defendants contend the Order does not prevent PNC from taking action to foreclose. Instead, the Order required Defendants to submit a proposal for "procedures and controls" relating to pre-foreclosure decisions. ECF No. 1, Exhibit H to Compl. The Order only requires submission of a process that the OCC will later approve. As a result, there would be no obligation on PNC's behalf until such time.

Plaintiffs have not pled sufficient facts that Defendants breached the "Applicable Law" provision of the Deed. First, Plaintiffs merely conclude the Order is a federal administrative order without alleging any facts. The Court ruled in *Iqbal* that mere conclusory statements will not suffice to establish a plausible claim. Second, the Court previously established that it is reluctant to incorporate laws and regulations not in place at the time of the Deed's execution. Plaintiffs here executed the Deed in 2006; however, Defendants entered the Order on April 13, 2011. Therefore, the Order's provisions are outside the language of the Deed. Plaintiffs actually admit the Order gives them no private cause of action while contending that they should benefit from pre-conditions allegedly included in the Order. However, the Court ruled in *Squire* that it will not compel a party to perform obligations not expressed in the Deed of Trust. Third, Plaintiffs pled no facts of an actual obligation on Defendant's behalf under the Order. The Order simply requires the Defendants to submit a proposal for handling pre-foreclosure activities. Plaintiffs allege no facts of a specific plan agreed upon by Defendants. Nor do they allege any

facts pertaining to the effective date of such plan or how it affects their Deed. Therefore, Defendants' Motion to Dismiss Count Two is **GRANTED.**

## IV. CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss is **DENIED** on Count One and is **GRANTED** on Count Two.

The Clerk is **DIRECTED** to mail a copy of this order to the parties and counsel of record.

**IT IS SO ORDERED.**

/s/
_____
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
April 15, 2015